Good afternoon, and may I please the Court, Daniel Kowalski, for Petitioner on Alonza. I'd like to reserve an unused portion of my time. In a recent Second Circuit case, Lama, L-A-M-A v. U-S-D-O-J, 2006, U.S. App, Lexus, 2-1-8-7-0, August 28, 2006, the Second Circuit faced the same situation we have in Ms. Lonza's case. That is, the immigration judge did two things, just as the immigration judge did in Ms. Lonza's case. He denied the asylum case on the merits, and he denied it on timeliness grounds. On appeal, the BIA upheld both rulings, that is, the merits ruling and the timeliness ruling. And I'll come back to that in a minute as to why that's important. On petition for review, the Second Circuit did three things. First, it said it was precluded by statute from reviewing the timeliness issue, uncontroversial. Second, it found no constitutional claim or statutory claim to provide jurisdiction under Real ID to review the timeliness issue. And third, it went on to review the merits of the asylum claim, and it remanded. That's precisely where we are today with Ms. Lonza's case. Could you tell me, I suppose you'll give us a sticky with that cite, but until we read it. I'm looking at Section 1158 and A to B. It says that paragraph 1 doesn't apply unless the application for asylum has been filed within one year. And then if I look at subparagraph 3, it says no court shall have jurisdiction to review any determination of the Attorney General under subparagraph 2. So I don't get how we have jurisdiction. And if the Second Circuit said, oh, you do have jurisdiction, tell us what the reasoning is. First, they took a three-step approach. They said that under the statute you just quoted, there used to be no statutory jurisdiction, but they went on to say that Real ID provides what I call an aperture. They looked for that aperture under Real ID for a constitutional issue, a statutory issue. They didn't find it. But then they went on to rule on the merits of the I.J.'s denial of asylum on the merits. They don't say what the real idea does say. We can review constitutional claims and we can review questions of law, but I can't see where this is either one. She's saying that I ought to be allowed to file out of time because I had a good reason not to file within the year. And that's a discretionary call, not a matter of law or constitutional law. Well, our argument is that if that were the law, if the I.J. was allowed to put the timeliness issue on any asylum case and then go ahead and have a hearing on the merits, which this I.J. did, the only way the BIA could insulate the case from judicial review would be to affirm only the timeliness. I didn't say any. Each case is different. So I'm just talking about this one. There could be cases where the timeliness decision is a matter of law. Correct. I'm not understanding the question. I'm sorry. If it's untimely and it's not a matter of law, it's a matter of discretion that it's a matter of law. I'm not saying the Real ID Act does other than my argument in the brief that Hakeem should be modified or overruled. What I'm saying is that because the I.J. Let me put it another way. If the I.J. had simply said, you're untimely, I'm not going to even have a merits hearing, and the BIA said, that's fine, we wouldn't be here, no question about it. But the I.J. went on to have a full-blown merits hearing. Why does that change anything? I mean, it's common for trial judges to say you lose because of reason one. Right. But if I'm wrong about reason one, you would also lose anyway because of reason two. We do the same thing all the time in 1983 cases. You lose because there was no constitutional violation. But even if we were wrong, there's qualified immunity. It's just an ordinary structure of decisions. It's a problem in asylum cases because it deprives the asylum applicant of due process by setting up a host of expectations. But you already won once in that we said, okay, we'll send it back and have them tell us whether they were relying on this or this. And we sent it back, and they said we're relying on both. Right. Each one is independent ground. Now, if there's an independent ground that is nonreviewable to support the decision, how can we do anything other than to deny relief? The problem with that is it allows the I.J.'s, by sticking the timeliness label on it, to insulate any asylum case. Well, it wouldn't insulate an abuse of discretion and a violation of the Constitution by refusing to consider any evidence, right? Correct. And that's not what we have here. No. We have simply a discretionary finding by the I.J. that the excuses for the untimeliness are not meritorious. And as Judge Kleinfeld says, why do we have jurisdiction to review that finding? I'm not saying that the Court does. I'm saying that the Court has jurisdiction to review the merits, not the timeliness issue, but the merits. Oh, we already sent it back to the BIA, and the BIA said, yeah, I assume that that's what was argued before. I wasn't on the panel. But we need to know whether it was this or this, because if it's this, then you have they did it without opinion. Right. So if it's this one, then you can review it. If it's this one, you can't. So you need to know which. We sent it back. They said it's what you want. It's both. Both of them. Right. So it seems to me at that point, you're stuck. We're not going to send it back at the end. If you review the merits at this point, when the untimeliness decision is made on a discretionary basis and nonreviewable, you want us to review the merits. Isn't that an advisory opinion? There's no issue. There's no case of controversy any longer. I understand the advisory opinion issue in Lonza 1. I would ask the Court to take a hard look at Judge Pius' dissent in Lonza 1, because I think he precisely pinpointed the mischief that that causes. And that's what happened in the Eccocinta case, in the Tenth Circuit case. They took it a step further. The Tenth Circuit in Eccocinta said, basically, as long as the hearing was fair, we don't care what the BIA does, because there is no right to appeal other than a statutory right, which may be taken away by Congress at any moment. So I think Judge Pius was a little bit prophetic in saying, look, we should have limited our ruling just to our finding of our own jurisdiction and not go off on this long tangent that it did. Well, I guess I don't know. What do you want us to do now? To rule on the merits part of her asylum claim. So we just ignore the untimeliness. She filed it, I don't know, eight years late or something like that. We just ignore it. Yes, Your Honor, because the BIA blundered. If the BIA had said in this case. Blunder? I can't get the blunder. Look, if the BIA, if somebody filed for asylum, they applied for asylum within a year, and the BIA said, ah, it's within a year, it looks like it's timely, but it isn't, because we think they should have applied earlier. Then they'd say, as a matter of law, we had a year. We filed within a year. It's timely. Then we'd have jurisdiction. But here, she delays for eight years. She's eight years late. And she's basically saying, would you give me a break? And they say, no, number one, you're really, really late, and we don't have a good reason to give you a break. And number two, even if we did, you'd lose. I don't get why that opens things up. Because the only way the BIA could have firmly closed that door is by saying, in this second remand, in their second decision, we affirm the IJ's timeliness ruling, period, full stop. Why would that make it any stronger? Why would they know that? They had that choice. But why would it matter? Why does that choice matter? Why would that make the BIA decision stronger? Because if they don't say anything about the merits, then unless we can find some real ID aperture, then we're stuck. So you're really arguing that the BIA, as a matter of fairness, should not deal with the merits of an applicant's petition, but should just say, you're out of time. And then it would be clear that we couldn't review it. That's right. And the applicant shouldn't bother to tell the applicant that you have no case on the merits either. See, that doesn't seem like the way the system should work. We ought to encourage more review by the BIA, not discourage it. For those of us who have practiced immigration law for more than 20 years know there's nothing about immigration law that's intuitive or user-friendly or logical. It's all very confused. I'm out of time. Thank you. May it please the Court. My name is Daniel Davis. I represent Attorney General Gonzalez, a respondent in this matter. I guess I'll respond first to the particular argument. I was unaware of the Second Circuit case that he mentioned, but I think that Lonsa I would control the Court's disposition in this case. As you know, in Lonsa I, this Court was faced with a BIA decision that did not explain the grounds or the rationale by which it was affirming the immigration judge. This Court noted the problem that that created in the sense that if it went to the merits of the decision and decided the merits and then on remand, the Board of Immigration Appeals decided on the timeliness issue, that this Court would essentially have issued an advisory opinion. It is without jurisdiction to do. The Board of Immigration Appeals on remand explained its rationale saying that it was affirming the immigration judge on both the timeliness and on the merits grounds, one of which Lonsa I clearly said was an unreviewable ground and one of which the merits question would be a reviewable ground. But as this Court has noted, if there is a ground on which is conclusive and that this Court does not have jurisdiction, it makes no sense for this Court to go on to consider the merits because any discussion of that merits question, that reviewable ground, would simply be an advisory opinion and would have no impact whatsoever on the ultimate resolution of the case. But we're here now, but you represent the government. Does the government have a position with respect to the Lonsa I? Well, obviously, we think that Lonsa I is determinative of this issue. Right. It's the law of this Court. And it certainly makes sense to say, you know, if the Board of Immigration Appeals, as with the case back to Lonsa I, said, you know, we simply affirm and they don't explain the rationale, it certainly is a very common sense, very logical position to say, as this Court did in Lonsa I, you know, we don't know what the BIA's rationale is. If it's one thing, then we can't review. If it's another thing, we can't. Well, I guess I'm not being very clear. There's a circuit split now. Yes. The Ninth Circuit expressly disagreed with Lonsa. Isn't that correct? Yes, the Ecclesine. Has the Justice Department taken a position with respect to that decision in the Ninth Circuit? Are you going to go for cert in some case or another to resolve it? What's happening with this? Go ahead. I'm not aware. I can't speak. I'm not aware of whether we are going to seek cert in one opinion or the other. I think that we are of the opinion that the law in the Ninth Circuit is Lonsa I. I understand that. I'm asking for a little more scope here. I understand that you're asking for more scope. I can't give you a lot more scope as far as what we're seeking to have a cert opinion. I can say that the Justice Department certainly agrees or that sees the Lonsa I approach as a reasonable approach, as a logical approach. So you've been following Lonsa I in the Ninth Circuit, is that what you're saying? Yes. So we have no problem with the reasoning of Lonsa I. It certainly makes sense. It avoids the possibility of advisory opinions. And I assume that this is going to work its way out at some point. Yes. At some point, I assume that, you know, any circuit split, I guess we have a second, tenth and Ninth Circuit split on this issue. I would assume at some point that that split is going to be worked out. Does this split matter? I'm thinking you can live with both of them by just having the IJ and the BIA either say which ground they mean or say both or all, if that's what they mean. And in the other circuit, they can just go through all the grounds and not say which one they mean or both or all. And they're fine in both circuits then. They can conform their conduct. Yes. It certainly is the case that, you know, because there are different rules in the circuits that the board could adjust its practice accordingly depending on which circuit it's under. I would imagine that in a volume practice like this, somebody just compiles outlines for the IJs so that they have the right scripts to use for the different circuits. Well, I don't know about the scripts, but I think that the IJs are going to be cognizant of what the relevant circuit law is and, you know, be aware of that law. And any differences in circuit law, they'll take into account what circuit they are responsible for. You know, an IJ in Texas certainly. Well, it only matters. That doesn't make sense because it's the BIA. This only comes up because of the streamlining, doesn't it? Yeah. I apologize. I meant to say the BIA is going to have to consider the relevant circuit law that they're acting under. They certainly will act in accordance with whatever circuit their decision is subject to review. But I would assume at some point, hopefully, that this issue would get harmonized. Well, isn't the BIA still streamlining to some degree? I believe that is correct. They are streamlining to some degree. And since that's a time-saving mechanism and there's only one judge, they're probably not bothering to look to see whether there's one that is reviewable by the IJ in the circuit and one isn't. Well, you know, it may or may not be the case, and I'm not exactly sure. It seems like the lawyer for the INS could easily put it in his brief. This is a Ninth Circuit case, so say which ground you're affirming on. You know, we could certainly bring it up to the attention of the BIA what the relevant circuit law is depending on, you know, which circuit the relevant case is coming out of. But, you know, certainly it is the hope that this should get resolved and hopefully become consistent over time. I'm not aware. I can't speak to any cert petitions that the Department of Justice is planning as far as seeking a final ruling on this issue from the Supreme Court. In the Tenth Circuit, Judge Kleinfeld's suggestion should be addressed to the IJ because in the Tenth Circuit, they say the BIA under streamlined proceedings can't state the reasons. They just have that rubber stamp, right? Yeah. So you have one brief for the IJ in the Tenth Circuit and the same brief for the BIA in the Ninth Circuit. Yeah. You know, like, many times when there are circuit splits, you know, it does create some sort of problems and inconsistency of practice. But, you know, we should have fewer circuits instead of more. I'm sure we could do that. Well, that's a little different subject. Okay. That's something I won't comment on. Well, I think it seems trivial to me because it's just so easy for the lawyer opposing a petition to the BIA to look and see which circuit it's going to be in and tell them what the circuit law is and how to address it in the conclusion of the brief. Yeah. It certainly seems that would be our goal. It's a housekeeping deal that nobody needs ever to fix. It just doesn't matter. Am I missing something there? I'm not sure. You know, it may be over time that, you know, you may see that, you know, the practice in one circuit isn't very helpful. It doesn't help the asylum applicants. I assume the Justice Department doesn't want to practice one. It doesn't want to have to worry about these little differences that can help it. Yes. Obviously, we would prefer to have a consistent practice across the board, but to the extent that we're dealing with the circuit split, we'll operate under the appropriate law that we're working in. I see that I'm almost out of time. I would just note that the IJ and the Board of Immigration Appeals did note that even in the case of if they got to the merits that getting to the merits of extraordinary circumstances had not been met under the regulations or the statute, and there was good justification for that. I can't hear anything you're saying right now. I'm sorry. The Board of Immigration Appeals in the remand decision did note also that extraordinary circumstances had not been met and explained that for the reasons given by the immigration judge, that that discretionary decision by the immigration judge was affirmed and that that decision is substantiated by the record. I would also note in closing that the international law argument that is made in Petitioner's Brief in a one-paragraph quick reference with a citation to an article is new. I'm not aware that it's been erased at any other point in this proceeding, and I would think that because Petitioner failed to exhaust her administrative remedies with that argument that this Court does not have jurisdiction to consider it. In any event, I don't think that the article that's cited to that the article is incorrect, that international law doesn't matter here because those treaties referred to in the article are not self-executing. I would request that the Court dismiss the petition. Thank you. Thank you. Are there any further questions of the petitioner? No. Thank you very much. Thank you.
judges: Schroeder, Kleinfeld, Bea